DA 11-0060

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 180N

BRADLEY J. CERTAIN,

      Plaintiff and Appellee,

  v.

TERRY LYNN TONN aka TERRY LYNN CHAVEZ
and GEORGE CHAVEZ,

      Defendants and Appellants.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixteenth Judicial District, In and For the County of Custer, Cause No. DV 2010-66 Honorable Gary L. Day, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

          Peter T. Stanley; Attorney at Law, Billings, Montana

      For Appellee:

          James T. Carr; Carr Law Firm, P.C., Miles City, Montana

                          Submitted on Briefs: June 29, 2011

                                    Decided: July 29, 2011

Filed:

_____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Terry Tonn and George Chavez appeal from the District Court's Order to Deposit Money, filed November 24, 2010. We affirm.

¶3 Tonn acquired an undivided one-half interest in real property in Miles City, Montana in 1985. Taxes on the property were delinquent beginning December 1, 1997 and continuing thereafter. Bradley Certain paid the delinquent taxes and other charges against the real property, secured a tax deed from Custer County and obtained summary judgment against Tonn and Chavez in a quiet title action. Tonn and Chavez appealed the judgment against them in the quiet title action and this Court reversed in *Certain v. Tonn*, 2009 MT 330, 353 Mont. 21, 220 P.3d 384. In the meanwhile, Certain continued to pay taxes on the property as they became due, along with the costs of insurance.

¶4 Certain then started over with the process to obtain title to the property, again obtaining a tax deed from the county and filing a second quiet title action. By statute, § 15-18-411(1)(c), MCA, if the delinquent property owner does not deposit the taxes, penalties, interests and costs that have been paid by a third party when ordered to do so as in this case, the property owner is "considered to have waived any defects" in the tax deed proceedings and "in the event of waiver" a "decree must be entered in the action

2

quieting title." In this case the deposit amount was just less than $38,000. Tonn and Chavez contended in response to the District Court's order to deposit that they were indigent and thereby excused by § 15-18-411(1)(d), MCA, from making the required deposit. That statute provides that the deposit may not be required from "a person found by the court to be indigent."

¶5 Tonn and Chavez completed indigency affidavits required by the District Court and testified at a show cause hearing. Thereafter, the District Court determined that Tonn and Chavez were not indigent; that both are registered nurses working for the Prairie County Hospital; and that while Chavez works part time, Tonn works full time as director of nursing at a salary of $55,000 per year. The District Court also found that they had a household income of over $74,000 per year, and that the indigency affidavits were misleading in that they grossly understated income and understated the value of assets. The District Court concluded that neither were indigent and, therefore, were not excused from making the required statutory deposit.

¶6 We find no reason in fact or law to disturb the District Court's decision. Tonn and Chavez may not have been able to write a check for the required amount of the deposit because of the way they manage their income, but they cannot establish indigency with a household income of $74,000 a year. We therefore affirm the decision of the District Court.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for

memorandum opinions. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶8     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT